UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) 3:18 C 776 |
| v. | ) Hon. Marvin E. Aspen |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Petitioner James Taylor's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Pet. (Dkt. No. 1).) Taylor argues that his sentence must be vacated because (1) a Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c), and (2) the court lacked subject matter jurisdiction because Petitioner's offenses did not have the requisite effect on interstate commerce under the Hobbs Act. (*Id.* at 1–16.) The government opposes the motion. (Resp. (Dkt. No. 4) at 1–7.) For the following reasons, we deny Petitioner's motion.

**BACKGROUND**

On the morning of January 9, 2015, Taylor and two other individuals conducted armed robberies of two Piggly Wiggly grocery stores in Nashville, stealing approximately $5,776.27 in sales proceeds. (Plea Agreement (Dkt. No. 4–4) at 4–5.) After fleeing in a vehicle driven by Petitioner, the individuals failed to yield to an attempted traffic stop by police, ran a stop-sign, and collided with another vehicle. (*Id.* at 5.) When officers ordered the three individuals to exit the vehicle, one individual exited with pistol in hand and was shot by officers while another fled

on foot. (*Id.*) Officers recovered three firearms and three black ski masks on the scene, which were used by the individuals in the robberies. (*Id.*) Both Piggly Wiggly stores closed for at least part of the day as a result of the robberies and were unable to conduct normal business operations. (*Id.*)

On August 6, 2015, Petitioner was charged in a multi-defendant indictment. (*See* Dkt. No. 4–1 at 1–3.) Counts One and Three charged Petitioner with violating 18 U.S.C. §§ 1951 and 2, also referred to as Hobbs Act robbery. (*Id.* at 1–2.) Counts Two and Four charged Petitioner with violating 18 U.S.C. §§ 924(c)(1)(A) and 2 for using, carrying, and brandishing a firearm during and in relation to a "crime of violence," namely the Hobbs Act robberies. (*Id.* at 2–3.) On November 21, 2016, Petitioner pled guilty to Counts One, Two, and Three, and the government and Petitioner entered into a plea agreement pursuant to Rule 11(c)(1)(B) and (C) of the Federal Rules of Criminal Procedure. (*See* Dkt. No. 4–2; Plea Agreement at 1–2.) On August 18, 2017, the Court sentenced Petitioner to 264 months in custody, followed by five years of supervised release. (Dkt. No. 4–5.) Judgment was entered on September 6, 2017. (*See* Dkt. No. 4–6.)

On August 20, 2018, Petitioner, acting *pro se*, filed the instant, and his first, § 2255 motion to vacate, correct or set aside sentence. (Pet.) The government does not contest the timeliness of the motion. (Resp. at 1.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, correct or set aside his sentence, among other reasons, "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. 2255(a). In order to succeed, a prisoner

seeking relief under § 2255 must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)); *see also Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009). The petitioner bears the burden of setting forth facts which entitle him to relief. *Green v. Wingo*, 455 F.2d 52, 53 (6th Cir. 1972).

Further, documents filed *pro se* are to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 292 (1976)). But, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001), and a court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## ANALYSIS

Petitioner argues that his sentence should be vacated for two reasons. First, he contends that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3) considering the Supreme Court's recent holding in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210–11 (2018), and the common-law definition of robbery. (Pet. at 3–8.) Second, he asserts that the Hobbs Act requires a substantial effect on interstate commerce, which his offenses did not satisfy. (*Id.* at 10–15.) We address each argument in turn.[1]

---

[1] As the government did not raise, as an affirmative defense, the collateral attack waiver in the parties' plea agreement, we decline to consider it *sua sponte*. *See Calhoun v. United States*, 572 F. App'x 335, 338 (6th Cir. 2014); *Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012). (*See* Plea Agreement at 11–12 ("Defendant

3

## I.     HOBBS ACT ROBBERY AS A "CRIME OF VIOLENCE" UNDER § 924(C)

Petitioner contends that Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3). (Pet. at 7.) The Hobbs Act defines "robbery" as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b). Section 924(c), in turn, imposes a mandatory minimum sentence for using, carrying, or, in furtherance of a crime, possessing a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as a felony offense that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, *or*
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added).

Petitioner argues that his conviction for Hobbs Act robbery cannot serve as a predicate "crime of violence" to justify his sentence under 18 U.S.C. § 924(c). Petitioner first argues his conviction for Hobbs Act robbery cannot be categorized as a "crime of violence" because the second prong of that term's definition—§ 924(c)(3)(B)—is unconstitutionally vague after *Sessions v. Dimaya*, 138 S. Ct. 1204. (Pet. at 3.) In *Dimaya*, the Supreme Court held that 18 U.S.C. § 16(b), which uses language identical to § 924(c)(3)(B) to define a "crime of violence," was unconstitutionally vague. 138 S. Ct. at 1216. The government responds that, regardless of *Dimaya*'s potential effect on § 924(c)(3)(B), Petitioner's Hobbs Act robbery

---

knowingly waives the right to challenge the sentence imposed . . . in any collateral attack, including but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 . . . .).)

conviction qualifies as a "crime of violence" under the definition's first prong—§ 924(c)(3)(A). (Resp. at 4.)

The Sixth Circuit has determined that Hobbs Act robbery qualifies as a "crime of violence" under the first prong, § 924(c)(3)(A). *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 845 (2019); *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017), *cert denied*, 137 S. Ct. 2230 (2017). In response to the defendant's argument that one can violate the Hobbs Act without the "physical force" required by § 924(c)(3)(A), the Sixth Circuit in *Gooch* held:

> A conviction under § 1951(b)(1) [Hobbs Act robbery] requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A).

*Gooch*, 850 F.3d at 291–92 (quoting 18 U.S.C. § 924(c)(3)(A)).

Thus, whether § 924(c)(3)(B) is unconstitutionally vague in light of *Dimaya* has no bearing on whether Hobbs Act robbery is a "crime of violence." *In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that *Dimaya* applies to § 924(c)(3)(B), that rule has no effect on [the petitioner's] case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A)." (citing *Gooch*, 850 F.3d at 291–92)).

For similar reasons, Petitioner's related argument fails as well. Petitioner argues that since the Hobbs Act uses the common law term-of-art "robbery," which he contends includes both violent and non-violent force, Hobbs Act robbery does not satisfy the "physical force" requirement under § 924(c)(3)(A). (Pet. at 4–8; Reply (Dkt. No. 7) at 3–5.) Petitioner's argument, while creative, is squarely foreclosed by *Gooch*'s holding that "Hobbs Act robbery

5

constitutes a crime of violence" as articulated in § 924(c)(3)(A). *Gooch*, 850 F.3d at 292 (observing that at least six other circuits have so held).

As it is well-established in the Sixth Circuit that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A), Petitioner is ineligible for relief on this ground.

## II. HOBBS ACT STANDARD FOR EFFECT ON INTERSTATE COMMERCE

The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . . shall be fined . . . or imprisoned . . . ." 18 U.S.C. § 1951(a). Petitioner contends that a conviction under the Hobbs Act requires a robbery to have a substantial effect on interstate commerce in light of *United States v. Lopez*, 514 U.S. 549, 558–59, 115 S. Ct. 1624, 1630 (1995) (holding that an activity regulated under the Commerce Clause must substantially affect interstate commerce if it is neither a channel nor an instrumentality of interstate commerce), and *United States v. Morrison*, 529 U.S. 598, 614, 120 S. Ct. 1740, 1752 (2000) (invalidating civil remedy provision of the Violence Against Women Act for regulating activity that did not substantially affect interstate commerce). (Pet. at 10–15.) Petitioner argues that because the robberies of the two Piggly Wiggly stores did not have a substantial effect on interstate commerce, the offenses failed to satisfy the Hobbs Act's interstate commerce requirement and deprived the court of subject-matter jurisdiction. (*Id.* at 15.) The government responds that *Lopez* and *Morrison* did not alter the requirement that Hobbs Act robbery need only have a *de minimis* effect on interstate commerce. (Resp. at 5.) The government contends that because

Petitioner's offenses had a *de minimis* effect on interstate commerce, the robberies satisfied the Hobbs Act requirement.[2] (*Id.* at 6–7.)

It is well-settled in the Sixth Circuit that, even after *Lopez* and *Morrison*, where the robbery at issue affects a business entity, a *de minimis* effect on interstate commerce suffices for conviction under the Hobbs Act. *United States v. Chandler*, 486 F. App'x 525, 531 (6th Cir. 2012) ("Where the robbery at issue affects a business entity, this circuit has consistently held that the government need demonstrate only a *de minimis* connection with interstate commerce to support a conviction under the Hobbs Act."); *United States v. Baylor*, 517 F.3d 899, 901–902 (6th Cir. 2008), *cert. denied*, 128 S. Ct. 2982 (2008) (*de minimis* interstate commerce standard for Hobbs Act robbery survived *Lopez* and *Morrison*); *United States v. Dupree*, 323 F.3d 480, 485 (6th Cir. 2003) (rejecting argument that *Morrison* required more than a *de minimis* effect on interstate commerce under the Hobbs Act); *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999) (holding that *de minimis* standard for the Hobbs Act survived *Lopez*). The rationale, as explained in *Smith*, is that "if a statute regulates an activity which, through repetition, in aggregate has a substantial effect on interstate commerce, 'the *de minimis* character of individual instances arising under the statute is of no consequence.'" *Smith*, 182 F.3d at 456 (quoting *United States v. Bolton*, 68 F.3d 396, 399 (10th Cir. 1995)).

Petitioner relies primarily on a concurring opinion from another circuit to urge that a substantial effect standard should apply instead. *See United States v. Miles*,

---

[2] While the government characterizes Petitioner's interstate commerce argument as a claim of ineffective assistance of counsel, (Resp. at 3), Petitioner's § 2255 motion does not mention or remotely suggest an ineffective assistance of counsel claim. We therefore address the point no further.

122 F.3d 235, 250–51 (5th Cir. 1997) (DeMoss, J., specially concurring).[3] However, the Sixth Circuit joins several other circuits in applying the *de minimis* standard as the requisite effect on interstate commerce under the Hobbs Act. *See Baylor*, 517 F.3d at 902 (citing cases). While we construe Petitioner's *pro se* filing liberally, *Erickson*, 551 U.S. at 94, 127 S. Ct. at 2200, we are obliged to observe that Petitioner's argument relies on non-binding opinions from another circuit. As a district court within the Sixth Circuit, we are bound to follow the decisions of the Sixth Circuit Court of Appeals. *Durham v. Martin*, No. 3:17 CV 1172, 2019 WL 2123262, at *9 (M.D. Tenn. May 14, 2019) (a "district court is bound to follow the holding of a prior decision of the Court of Appeals for the circuit in which the district court is located until that binding precedent is expressly overruled" (quoting *United States v. Matos*, No. 3:13 CR 98, 2014 WL 1922866, at *3 (W.D. Ky. May 14, 2014))).

Applying the correct standard under the Hobbs Act, Petitioner's offenses had a *de minimis* effect on interstate commerce. Testimony that a business "received some of its products from out of state 'alone is sufficient to satisfy the *de minimis* standard,' even without evidence that the robbery caused the store to close or lose business." *Chandler*, 486 F. App'x at 532 (quoting *Baylor*, 517 F.3d at 903 (*de minimis* effect found where food products shipped to Little Caesar's restaurant originated from out of state)); *see also Smith*, 182 F.3d at 456 (*de minimis* effect where businesses including local market did significant business in products originating from out of state). The plea agreement signed by Petitioner states that the Piggly Wiggly stores at issue "sold various products originating from out of state, including goods produced by Frito-Lay, which is an Illinois company . . . ."

---

[3] Petitioner also attributes a quotation from *United States v. Hickman*, 151 F.3d 446 (5th Cir. 1998) to *United States v. McFarland*, 311 F.3d 376, 377–410 (5th Cir. 2002), and miscites Judge DeMoss' concurrence in *Miles* as the dissent in *McFarland*. (Pet. at 12, 13, 15.)

8

(Plea Agreement at 5–6.) As in *Baylor* and *Smith*, the fact that the Piggly Wiggly stores sold various products originating from out of state is sufficient to constitute a *de minimis* effect on interstate commerce. Accordingly, Petitioner is ineligible for relief under § 2255 on this ground as well.[4]

## III. CERTIFICATE OF APPEALABILITY

The Rules Governing Section 2255 Proceedings require that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is one such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 n.4, 103 S. Ct. 3383, 3394 n.4 (1983)). Specifically, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Id.* at 484, 120 S.Ct. at 1604.

As discussed, Petitioner is ineligible for relief under § 2255 for two reasons. First, the Sixth Circuit has established that a Hobbs Act robbery qualifies as a "crime of violence"

---

[4] Petitioner urges that, in the alternative, we invoke the rule of lenity with respect to the Hobbs Act. (Pet. at 9.) "[T]he rule of lenity only applies if, after considering the text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute.'" *Barber v. Thomas*, 560 U.S. 474, 488, 130 S. Ct. 2499, 2508 (2010) (citing *Muscarello v. United States*, 524 U.S. 125, 139, 118 S. Ct. 1911, 1919 (1998)). Because, by Petitioner's own admission, the Hobbs Act is unambiguous, the rule of lenity does not apply. (Pet. at 9 ("In this case, Petitioner feels that congressional intent is clear, and the rules of statutory construction, text of the Hobbs Act, structure of [the Act], history of the statute . . . , and purpose of the Hobbs Act . . . [lead to the conclusion that] no ambiguity remains.").)

9

under 18 U.S.C. § 924(c)(3)(A), and *Dimaya v. Sessions*, 138 S. Ct. at 1204, has no bearing on Petitioner's conviction. *See Gooch*, 850 F.3d at 291–92; *In re Gordon*, 2018 WL 3954189, at *1. Second, the Sixth Circuit has held the *de minimis* standard for the effect on interstate commerce required under the Hobbs Act survived *Lopez*, 514 U.S. at 549, 115 S. Ct. at 1624, and *Morrison*, 529 U.S. at 598, 120 S. Ct. at 1740. *See Baylor*, 517 F.3d at 901–902. Because there is no doubt in the Sixth Circuit that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A) and requires only a *de minimis* effect on interstate commerce, we find that reasonable jurists would not debate our evaluation of Petitioner's § 2255 motion. Accordingly, we decline to issue a certificate of appealability.

## CONCLUSION

For the forgoing reasons, we deny Petitioner's § 2255 motion to vacate, set aside, or correct his sentence. We also decline to issue a certificate of appealability. It is so ordered.

                                                                                                  Honorable Marvin E. Asper
                                                                                                  United States District Judge

Dated: May 24, 2019
       Chicago, Illinois